**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 30 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GEN DIGITAL, INC., FKA: Symantec Corporation,

        Plaintiff - Appellant,

  v.

NORTH AMERICAN SYSTEMS INTERNATIONAL, INC.,

        Defendant - Appellee,

and

SYCOMP, INC.,

        Defendant.

No. 25-2800

D.C. No.
3:24-cv-04106-CRB

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted December 8, 2025[**]
San Francisco, California

Before: BUMATAY, JOHNSTONE, and DE ALBA, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Appellant Gen Digital, Inc. ("Gen") appeals from the district court's orders granting Appellee North American Systems International, Inc.'s ("North American" or "NASI") motions to dismiss Gen's claims against North American in Gen's original and amended complaints for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

A district court's decision to grant a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is reviewed *de novo*. *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885, 889 (9th Cir. 2021).

1. As a threshold matter, this court has jurisdiction to review the district court's first dismissal order to the extent that it is incorporated into the second dismissal order. *See S. Cal. All. of Pub. Owned Treatment Works v. U.S. Env't Agency*, 8 F.4th 831, 836 (9th Cir. 2021).

2. Before the district court, Gen posited a contributory infringement theory as to its breach-of-contract claim with respect to the Service Delivery Agreement ("SDA"). On appeal, Gen abandons its contributory infringement theory and argues instead that it alleged North American directly infringed on Oracle Corporation's ("Oracle") intellectual property rights. This is not the issue that was before the district court and Gen has therefore waived this issue on appeal. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1007 (9th Cir. 2006). In

any case, as the district court noted, it had already explained in its first dismissal order that "none of the services that NASI provides under the SDA . . . could have directly infringed on Oracle's intellectual property rights."

3.      Likewise, Gen's breach-of-contract claims as to the SDA, as amended, and what Gen refers to as the "Solaris Patching Agreement" are insufficiently pled.  Gen did not allege sufficient facts to show an implied-in-fact contract.  *See Zenith Ins. Co. v. O'Connor*, 148 Cal. App. 4th 998, 1010 (Cal. Ct. App. 2007).  Specifically, first, as the district court noted, Gen did not allege "sufficient facts to show that the parties mutually intended that NASI itself would provide Solaris patches"; and, while Gen alleged NASI "assist[ed]" in obtaining and delivering the patches, "it does not explain in any detail how NASI did so (beyond recommending the patches in the first place)."  *See Guz v. Bechtel Nat'l Inc.*, 24 Cal. 4th 317, 337 (Cal. 2000).

Second, as the district court noted, Gen's allegations of a partnership among North American; Sycomp, A Technology Company, Inc. ("Sycomp"); and TERiX Computer Company, Inc. ("Terix") or a "NASI/Terix team" are conclusory and fail to allege an implied-in-fact contract among the parties.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Third, Gen alleged that it intended for North American to receive some share of Gen's payment for the Solaris patches; however, as the district court pointed

3                                    25-2800

out, this does "nothing to clarify what additional contractual terms (if any) NASI implicitly agreed to." *See Guz*, 24 Cal. 4th at 337.

4.  Finally, Gen did not allege sufficient facts to show that Sycomp and Terix had ostensible authority to bind North American to their representations that the SDA's indemnification clause applied to the infringement at issue. "Ostensible authority is such as a principal, intentionally or by want of ordinary care, causes or allows a third person to believe the agent to possess." Cal. Civ. Code § 2317. Gen's claim fails because it did not allege any action that North American (the principal) took, intentionally or negligently, through which Gen (the third person) could have reasonably believed that Sycomp or Terix (the purported agents) was authorized to provide North American's indemnification of Gen as to the patches. *See Am. Way Cellular, Inc. v. Travelers Prop. Cas. Co. of Am.*, 216 Cal. App. 4th 1040, 1053 (Cal. Ct. App. 2013).

Indeed, without more, a Sycomp employee's representations to Gen could not create ostensible authority because such authority "cannot be established by the representations or conduct of the purported agent;" the principal must cause or allow "the belief the [authority] exists." *See id.* (internal quotation marks and citation omitted). Yet Gen did not sufficiently allege that North American knew of the Sycomp employee's representations or any similar representations by Sycomp or

25-2800

Terix.  Accordingly, that North American did not contradict such representations is of no consequence.

**AFFIRMED.**